U.S. BANKRUPTCY COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISIONS OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| IN RE: | ) |
| Diane Celeste Shachove | ) CASE NO. 3-15-BK-30012 MFW |
| Debtor. | ) Chapter 7 |
| | |
| Beris Davis, | ) |
| Plaintiff | ) |
| v. | ) |
| Diane Celeste Shachove, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION[1]

Before the Court is the Motion for Summary Judgment filed by Beris Davis (the "Plaintiff"), on his complaint against Diane Celeste Shachove (the "Debtor") objecting to dischargeability of his debt under section 523(a)(2) and (a)(4). Although the motion is unopposed, the Court concludes that it must be denied based on the affidavits and documents presented by the Plaintiff in support of his motion.

I.  BACKGROUND

The Plaintiff and the Debtor were parties to a partnership agreement establishing Newco Rental, Inc., d/b/a Sun Island Car

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Rental.  (Adv. D.I. 11 at Ex. 1.)  Newco leased cars from Davis Leasing under a written lease agreement.  (Id. at Ex. 2.)  As part of the lease arrangement, Newco executed an unsecured promissory note in favor of the Plaintiff in the amount of $96,000 which was to be repaid in 48 monthly installments of $2,000.  (Id. at Ex. 5.)

Although some payments were made, Newco did not make all payments required under the Lease Agreement or Promissory Note resulting in the filing of a Complaint for Breach of Contract and Debt by the Plaintiff against Newco and the Debtor in the Superior Court for the Virgin Islands on January 5, 2010.  (Id. at Ex. 9.)  On October 27, 2014, the Superior Court entered a default judgment in favor of the Plaintiff against Newco in the amount of $96,000.  (Id. at Ex. 10.)

On August 29, 2015, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.  (D.I. 1.)  On December 7, 2015, the Plaintiff filed an adversary complaint against the Debtor asserting that the debt owed to him was not dischargeable under section 523(a)(2) because it was procured by false pretenses, false representations, or actual fraud and under section 523(a)(4) because it was procured as a result of fraud by a fiduciary, embezzlement or larceny.  (Adv. D.I. 1.)  The Debtor filed an answer denying the allegations in the Complaint on March 8, 2016.  (Adv. D.I. 6.)  On June 14, 2017, the Plaintiff filed a

Motion for Summary Judgment. (Adv. D.I. 11.) The Debtor failed to file any response to the Motion. The matter is, therefore, ripe for decision.

II. JURISDICTION

The Court has jurisdiction over this adversary proceeding which involves a determination of the dischargeability of a debt -- a matter that can only arise in the context of a bankruptcy case. 28 U.S.C. §§ 1334 & 157(b)(1), (b)(2)(I), & (b)(2)(J). Therefore, the claims "stem[] from the bankruptcy itself" and may constitutionally be decided by a final order of the bankruptcy court. Stern v. Marshall, 564 U.S. 462, 499 (2011) ("[T]he question is whether the action at issue stems from the bankruptcy itself . . . .").

III. DISCUSSION

A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when the movant shows that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material when it could "affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477

3

U.S. 242, 252 (1986).

Admissions in pleadings, affidavits, and discovery and disclosure materials on file (and all factual inferences therefrom) must be viewed in the light most favorable to the non-moving party. Id. The Court need not weigh the evidence and determine the truth at the summary judgment stage; rather, it must decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party. See, e.g., Williams v. United Corp., No. 2007-118, 2008 WL 2714211, at *3 (V.I. July 10, 2008) (citing Anderson, 477 U.S. at 255).

Once the movant demonstrates that there is no genuine dispute of material fact, the burden of proof shifts to the party opposing summary judgment to establish a triable issue of fact. See, e.g., Miller v. JNJ Logistics, LLC (In re Proliance Int'l, Inc.), 514 B.R. 426, 429 (Bankr. D. Del. 2014).

 B. Exceptions to Discharge

The grant of a discharge in bankruptcy is liberally construed in favor of the debtor while exceptions to discharge are strictly construed against creditors. Webber v. Giarratano (In re Giarratano), 299 B.R. 328, 334 (Bankr. D. Del. 2003) (citing In re Cohn, 54 F.3d 1108 (3d Cir. 1995)). The creditor bears the burden of proof under section 523 of the Bankruptcy Code and must establish the elements of nondischargeability of

its debt by a preponderance of the evidence. <u>Grogan v. Garner</u>, 498 U.S. 279, 286 (1991).

    C.   <u>The Plaintiff's Evidence</u>

Although the Debtor did not oppose the Plaintiff's Motion for Summary Judgment, the Court must still evaluate the evidence presented by the Plaintiff to ascertain if it is sufficient to meet the Plaintiff's burden of proving that the Debtor's obligation to him is not dischargeable under either section 523(a)(2) or (a)(4). The Court concludes that it is not.

In both its Motion and Memorandum of Law in support of its Motion for Summary Judgment, the Plaintiff contends that the Superior Court determined that the Debtor was obligated to pay the Plaintiff $96,000. (Adv. D.I. 11 at 4.) This is patently inaccurate. The Default Judgment entered by the Superior Court was entered **only against** Newco Rental, Inc., d/b/a Sun Island Car Rental. (Adv. D.I. 11 at Ex. 10.) No judgment has been entered against the Debtor; instead the remaining allegations against the Debtor were to be set for further proceedings.

The other documents submitted by the Plaintiff in support of his Motion for Summary Judgment are similarly insufficient to establish a debt is owed by the Debtor individually to the Plaintiff. The Lease Agreement and the Promissory Note were signed by the Debtor not in her individual capacity but only as President of Newco Rental, Inc., or Sun Island Car Rental. (Adv.

5

D.I. 11 at Ex. 2 & 5.)

Therefore, the Court must conclude that the Plaintiff has not established by any evidence presented in support of his Motion for Summary Judgment that he even has a debt owed to him by the Debtor.

Further, even if the Plaintiff had established that there was a debt owed to him by the Debtor, he has presented no evidence that the debt was procured by false pretenses, false representations, or actual fraud or as a result of fraud by a fiduciary, embezzlement or larceny as required for a finding that the debt is not dischargeable under section 523(a)(2) or (a)(4).

Therefore, the Court concludes that the Plaintiff has not met his burden of proving a nondischargeable debt.

IV. CONCLUSION

For the foregoing reasons, the Court will deny the Plaintiff's motion for summary judgment.

An appropriate Order follows.

Date: July 26, 2017

BY THE COURT:

_____
Mary F. Walrath
United States Bankruptcy Judge